**Jerry Wayne BOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–96–01481–CR.**

Court of Appeals of Texas, Dallas.

March 31, 1998.

Thomas G. Pappas, Burleson Pate & Gibson, LLP, Dallas, for Appellant.

Louis W. Conradt, Jr., Criminal District Attorney, Lisa G. Gent, Assistant Criminal District Attorney, Kaufman, for Appellee.

Before THOMAS, C.J., and BRIDGES and ROACH, JJ.

## OPINION

THOMAS, Chief Justice.

Jerry Wayne Boyd was convicted, following a jury trial, of promotion of obscene material. The trial court imposed a sentence of one year's confinement, probated for one year, and a $500 fine on May 14, 1996. Appellant filed a timely motion for new trial; thus, the notice of appeal was due by August 12, 1996. *See* Tex.R.App. P. 26.2(a)(2). Appellant filed his notice of appeal on August 14, 1996. No timely motion to extend time to file the notice of appeal was filed in this Court.[1] *See* Tex.R.App. P. 26.3. This Court asked appellant and the State to brief our jurisdiction over the appeal.

In his jurisdictional brief, appellant asserts that by filing the notice of appeal within the fifteen day "grace period" provided by rule 26.3, appellant attempted to invoke this Court's jurisdiction. Therefore, this Court may construe the notice filed within that time as an "improperly worded" motion for extension of time to file the notice of appeal. Appellant asserts that he clearly evidenced his intent to appeal and the State did not challenge the notice of appeal. Further, both parties have thoroughly briefed the issues and denying jurisdiction would substantially delay resolution of the issues. In support of his argument, appellant contends that *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim. App.1996), no longer prevents this Court from granting late-filed extension motions because the language in the version of rule 2 of the Texas Rules of Appellate Procedure effective September 1, 1997 is different from that in former rule 2. Specifically, appellant points out that the current version of rule 2 only limits its applicability to civil jurisdictional matters. The State responds that pursuant to *Olivo*, this Court cannot use rule 2 to create jurisdiction where none exists. Further, the State contends that because the notice of appeal was filed in August 1996, this appeal is governed by the former rules of appellate procedure. We agree with the

---

1. On February 2, 1998, concurrent with his jurisdictional brief, appellant filed a motion for leave to file a motion to extend time to file a notice of appeal and a motion to extend time to file his notice of appeal.

State that rule 2 does not give this Court jurisdiction over the appeal.[2]

Texas Rule of Appellate Procedure 26.2 establishes the time period in which a notice of appeal must be filed by a defendant in a criminal case. It states that if a timely motion for new trial is filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See* TEX.R.APP. P. 26.2(a)(2). Rule 26.3 provides that an appellate court may grant an extension of time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files an extension motion in the appellate court. *See* TEX.R.APP. P. 26.3. These rules do not differ substantively from former rule 41(b)(1), (2).

In *Olivo*, the court of criminal appeals addressed the issue of whether an appellate court could use former rule 2(b) to suspend the requirement of rule 41(b)(2) that both the notice of appeal and extension motion had to be filed within the fifteen day period. Former rule 2 provided:

(a) Relationship to Jurisdiction. These rules shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law.

(b) Suspension of Rules in Criminal Matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

In *Olivo*, the court of criminal appeals held that rule 2(b) could not be used to grant out-of-time motions to extend time to file a notice of appeal, even when the notice of appeal was filed within the fifteen-day period provided by former rule 41(b)(2). *Olivo*, 918 S.W.2d at 522. In reaching this holding, the court stated that former rule 2(a) did not prohibit a court of appeals from using rule 2(b) to suspend the time limits imposed by rule 41(b). *Olivo*, 918 S.W.2d at 523.

However, the court did not end its analysis of the issue there. The court then held that the jurisdiction of the "court must be legally invoked, and when it is not legally invoked, the power of the court to act is as absent as if it did not exist." *Olivo*, 918 S.W.2d at 523. To legally invoke the jurisdiction of an appellate court, the notice of appeal must be filed within the time provided by the rules of appellate procedure. *See Olivo*, 918 S.W.2d at 523. That is, it must either (1) be filed within the period provided by rule 26.2(a); or (2) the notice of appeal must be filed in the trial court within fifteen days after the date it was due *and* a proper extension motion must be filed in the appellate court within that same fifteen-day period. *See Olivo*, 918 S.W.2d at 523. If the notice of appeal is filed within the fifteen day period provided by the rule, but an extension motion is not, a court of appeals lacks jurisdiction to "dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction." *Olivo*, 918 S.W.2d at 523. Where a court of appeals lacks jurisdiction over the appeal, it lacks jurisdiction to invoke rule 2 to obtain jurisdiction. *Olivo*, 918 S.W.2d at 523. Thus, an appellate court could not utilize former rule 2(b) to create jurisdiction where none exists. *Olivo*, 918 S.W.2d at 523.

We are not persuaded by appellant's argument that the current version of rule 2 only limits the altering of time to perfect an appeal to civil cases. The current version of rule 2 states:

On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court

---

2. We reach this decision regardless of whether we apply the current or former rules of appellate procedure. Accordingly, we will refer to the current version of the rule unless otherwise indicated.

must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case.

TEX.R.APP. P. 2. Except for adding the language regarding a civil appeal, the language of this version of rule 2 does not substantively differ from former rule 2(b). In fact, the notes and comments to the rule provide that the power to suspend the rules is added to civil cases and "[o]ther nonsubstantive changes are made." We disagree that this new language limits the jurisdictional provision of rule 2 to civil cases. Rather, because this new rule 2 extended its applicability to civil appeals, where former rule 2(b) applied only to criminal appeals, the limiting language is a specific caveat on how far rule 2 may be applied in civil appeals.

 Our interpretation is consistent with traditional tenets regarding statutory interpretation. When examining amendments to existing legislation, we presume the legislature was aware of case law affecting or relating to the statute. *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992). Thus, if the legislature meets after a statute has been judicially construed and does not change the statute, we presume the legislature intended the same construction should continue to be applied. *See Marin v. State,* 891 S.W.2d 267, 272 (Tex.Crim.App.1994). We see no difference between the legislature not amending a statute following judicial construction and the Texas Supreme Court and Texas Court of Criminal Appeals not amending the pertinent language of a rule of appellate procedure following judicial construction of the rule.

In this case, we presume the supreme court and court of criminal appeals were aware of the existence of *Olivo*'s holding that former rule 2(b) could not be used to suspend the requirements of rule 41(b). Yet, the language of the current version of rule 2, as it applies to criminal appeals, was not substantively changed from that in former rule 2(b). Thus, we must conclude the courts intended that we continue to apply the same construction of the rule set out in *Olivo. See Marin,* 891 S.W.2d at 272.

 We are also not persuaded that appellant's filing of his notice of appeal within fifteen days after the date it was due constituted an improperly worded extension motion. We recognize that the Texas Supreme Court has recently held that the filing of a perfecting instrument within the fifteen-day period after the date it was due implied the request for an extension. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). However, because this case involves an appeal from a criminal conviction, we are bound by the Texas Court of Criminal Appeals and *Olivo.* And, in *Olivo,* the court of criminal appeals specifically held that both the notice of appeal and extension motion had to be filed within the fifteen-day period. *See Olivo,* 918 S.W.2d at 523.

 We conclude, therefore, that rule 2 cannot be used to suspend the time requirements of rules 26.2 and 26.3 for filing the notice of appeal and extension motion. *See Olivo,* 918 S.W.2d at 523. Thus, we conclude appellant's notice of appeal is untimely and this Court lacks jurisdiction to dispose of the appeal in any manner but to dismiss it for lack of jurisdiction. *See Olivo,* 918 S.W.2d at 523.

Accordingly, we dismiss this appeal for want of jurisdiction.