Affirmed and Majority and Concurring Opinions filed November 29, 2007








Affirmed and Majority and
Concurring Opinions filed November 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00999-CV

____________

 

MERCEDES WILSON-EVERETT, INDIVIDUALLY

AND AS REPRESENTATIVE OF THE ESTATE

OF RUBY J. WILSON, DECEASED,
Appellant

 

V.

 

CHRISTUS ST. JOSEPH HOSPITAL, JEFF
WEBSTER, EDITH IRBY

JONES, LAKISHA HOSE, MARIAMME
KURIAN, LAURA FORTIN,

SOPHIE MEYERS, NEDRA THOMAS AND
LAURA FLINT,
Appellees

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 346,170-401

 



 

C O N C U R R I N G   O P I N I O N

 








In this
healthcare-liability case, this court correctly affirms the trial court=s ruling that 
section 74.351 of the Texas Civil Practice and Remedies Code does not violate
the Separation of Powers provision of the Texas Constitution.  However, in this
civil case, the court should avoid stating in dicta the methodology of the
Texas Court of Criminal Appeals, which may be different from that of the Texas
Supreme Court.

Appellant Mercedes
Wilson-Everett argues that section 74.351 of the Texas Civil Practice and Remedies Code, on its face,
violates the Separation of Powers provision of the Texas Constitution because,
by dictating to courts exactly when and how to render a judgment with prejudice
if a plaintiff does not provide an adequate expert medical report within the
prescribed time period, this statute interferes with the judiciary=s constitutional
power to decide when and how to render judgments.  See Tex. Const. art. II, ' 1.

The Texas
Constitution provides for three governmental departments (legislative,
executive, and judicial) and states that Ano person, or
collection of persons, being of one of these departments, shall exercise any
power properly attached to either of the others, except in the instances herein
expressly permitted.@  See Tex. Const. art. II, ' 1.  The
separation‑of‑powers doctrine prohibits one branch of government
from exercising a power inherently belonging to another branch.  Gen. Servs.
Com=n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 600
(Tex. 2001).  Under the Texas Constitution, the power to make laws and set
public policy is vested in the legislature.  See Tex. Const. art. III, ' 1; FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).  A
constitutional problem arises under the Separation of Powers provision of the
Texas Constitution when the executive or legislative branch interferes with the
functioning of the judicial process in a field constitutionally committed to
the control of the courts.  Gen. Servs. Com=n, 39 S.W.3d at 600.








The parties have
not cited, and research has not revealed, any Texas appellate court decision as
to whether section 74.351 or any similar statute violates the Separation of
Powers provision of the Texas Constitution.  Section 74.351 imposes certain
requirements on the maintenance of healthcare-liability claims.  By setting the
public policy of Texas and enacting this law, the legislature did not exercise
a power inherently or historically belonging to the judiciary, and the
legislature did not interfere with the functioning of the judicial process in a
field constitutionally committed to the control of the courts. See id.
Because Wilson-Everett therefore has not overcome the presumption that section
74.351 is constitutional, it is correct to overrule her issue and affirm the trial court=s judgment. 








Wilson-Everett relies primarily on cases from the
Texas Court of Criminal Appeals.  The court correctly concludes that these
cases are not on point.  Nevertheless, the court goes further and identifies in
an obiter dictum a list of five judicial powers contained in various cases from
the Court of Criminal Appeals.  See ante at p. 4; Armadillo Bail
Bonds v. State, 802 S.W.2d 237, 239B40 (Tex. Crim. App. 1990) (concluding
that, in analyzing an alleged violation of the Separation of Powers provision, Athe core of [] judicial power
embraces the power (1) to hear evidence; (2) to decide the issues of fact
raised by the pleadings; (3) to decide the relevant questions of law; (4) to
enter a final judgment on the facts and the law; and (5) to execute the final
judgment or sentence@).  The Texas Supreme Court and the Court of Criminal Appeals
sometimes disagree on the application of the same text.  See, e.g., Boyd v.
State, 971 S.W.2d 603, 606 (Tex. App.CDallas 1998, no pet.) (noting that
Texas Supreme Court implies a motion to extend time to file notice of appeal
under certain circumstances but that Texas Court of Criminal Appeals, in
applying the same appellate rule, does not permit courts in criminal appeals to
imply a motion for extension of time).  The Texas Supreme Court may not
disagree with the analysis used by the Court of Criminal Appeals; however, to
date, when given the opportunity to adopt this analysis, the Texas Supreme Court
has not done so.  See Gen. Servs. Com=n, 39 S.W.3d at 600 (analyzing alleged violation of
Separation of Powers provision without referring to any list of judicial powers). 
Because the case under review is a civil appeal, this court is bound by the
decisions of the Texas Supreme Court rather than those of the Court of Criminal
Appeals.  See Deutsch v. Hoover, Bax & Slovacek, L.L.P., 97 S.W.3d
179, 195 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Boyd,
971 S.W.2d at 606.  Therefore, the better course would be to analyze this issue
as the Texas Supreme Court has and overrule the issue under that analysis.  

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment rendered and
Majority and Concurring Opinions filed November 29, 2007.

Panel consists of Justices Fowler,
Frost, and Edelman.*  (Edelman, Senior Justice, majority.)









*                      Senior
Justice Richard H. Edelman sitting by assignment.