

IN THE
TENTH COURT OF APPEALS

No. 10-15-00327-CR

BRANDON WAYNE MOORE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 14-01424-CRF-272

MEMORANDUM OPINION

In this matter, appellant, Brandon Wayne Moore, was convicted of the offense of

aggravated robbery in Brazos County, Texas, on March 9, 2015. *See* TEX. PENAL CODE

ANN. § 29.03 (West 2011). On September 28, 2015, this Court received a motion from

Moore requesting an out-of-time appeal.[1] In his motion, Moore indicates that he

---

[1] Apparently, Moore filed a motion to dismiss his appeal in the El Paso Court of Appeals, which was granted on April 24, 2015. Additionally, Moore originally filed his motion for an out-of-time appeal

originally waived his right to appeal; however, he now wants to appeal his conviction because he believes that his trial counsel was ineffective.

The jurisdiction of the appellate court must be legally invoked, and when it is not legally invoked, the power of the court to act is as absent as if it did not exists. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *see also Boyd v. State*, 971 S.W.2d 603, 605 (Tex. App.—Dallas 1998, no pet.). To legally invoke our jurisdiction, the appellant must file the notice of appeal within the time provided by the rules of appellate procedure. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523; *Boyd*, 971 S.W.2d at 605. That is, the appellant must either: (1) file a notice of appeal within the period provided by rule 26.2(a); or (2) file a notice of appeal in the trial court within fifteen days after the date it was due and file a proper extension motion in the appellate court within the same fifteen-day period. *See* TEX. R. APP. P. 26.2(a), 26.3; *Olivo*, 918 S.W.2d at 523; *Boyd*, 971 S.W.2d at 605.

In this case, neither the notice of appeal nor the extension motion was filed in this Court within the time period provided by rule 26.3. *See* TEX. R. APP. P. 26.2, 26.3. Therefore, we have no jurisdiction to dispose of the purported appeal in any manner

---

with the Thirteenth Court of Appeals. The Thirteenth Court of Appeals subsequently forwarded Moore's motion to this Court.

other than to dismiss it for want of jurisdiction.[2]  *See Olivo*, 918 S.W.2d at 523; *Boyd*, 971 S.W.2d at 605.

Accordingly, we deny Moore's motion requesting an out-of-time appeal, and we dismiss the appeal for want of jurisdiction.[3]

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed October 8, 2015
Do not publish
[CR25]



---

[2] We also note that the Court of Criminal Appeals has exclusive jurisdiction in a felony case to grant an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see also Taylor v. State*, No. 12-06-00119-CR, 2006 Tex. App. LEXIS 4018, at *2 n.1 (Tex. App.—Tyler May 10, 2006, no pet.) (mem. op., not designated for publication) (per curiam).  In other words, this Court does not have the authority to grant an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see also Taylor*, 2006 Tex. App. LEXIS 4018, at *2 n.1.

[3] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court.  *See id.* at R. 68.2(a).