Mercedes **WILSON–EVERETT**, individually and as Representative of the Estate of Ruby J. Wilson, Deceased, Appellant,

v.

**CHRISTUS ST. JOSEPH**, Jeff Webster, Edith Irby Jones, Lakisha Hose, Mariamme Kurian, Laura Fortin, Sophie Meyers, Nedra Thomas and Laura Flint, Appellees.

No. 14–05–00999–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 2007.

Ramel Jacoy Blue, Houston, TX, for appellants.

Kevin William Yankowsky, Alison Louise Webster, Traci Carr Dvorak, Houston, TX, for appellees.

Panel consists of Justices FOWLER, FROST, and EDELMAN.*

## MAJORITY OPINION

RICHARD H. EDELMAN, Senior Justice, (Assigned).

In this health care liability case, Mercedes Wilson–Everett, individually and as Representative of the Estate of Ruby J. Wilson, deceased, ("Everett") appeals the

---

* Senior Justice Richard H. Edelman sitting by assignment.

trial court's order of dismissal on the ground that section 74.351 of the Texas Civil Practice and Remedies Code [1] ("section 74.351") violates the Separation of Powers provision of the Texas Constitution.[2] We affirm.

## Background

In 2004, Everett sued appellees, asserting health care liability claims relating to the treatment of Ms. Ruby Wilson, now deceased, while she was a patient at Christus St. Joseph Hospital. Appellees filed a motion to dismiss these claims for failure to file an expert report pursuant to section 74.351, Everett filed no response, and the trial court granted the motion. Everett filed a motion to modify the judgment dismissing the action (the "motion to modify"), which the trial court denied.

## Preservation of Complaint

As a preliminary matter, appellees contend that Everett waived her constitutional challenge to section 74.351 by raising it for the first time in her motion to modify.[3] To preserve a complaint for appellate review, a party must generally present it to the trial court in a timely request, motion, or objection that states the specific grounds therefor, and obtain a ruling. Tex.R.App. P. 33.1(a). This rule applies to constitutional issues. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex.2003); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993). However, a motion to modify a judgment can raise for the first time a constitutional challenge to a trial court decision, particularly where, as here, the trial court held a hearing on the issue.[4] In this case, Everett raised her constitutional challenge to section 74.351 in her motion to modify and argued those constitutional challenges at a hearing, and the trial court entered an order denying the motion. Because this satisfied the requirements of rule 33.1(a), we find no basis to conclude that the complaint was waived and, thus, proceed to the merits.

## Standard of Review

An analysis of the constitutionality of a statute begins with a presumption of validity, and the burden of proof is on those parties challenging this presumption.[5] If possible, we interpret a statute in a manner that renders it constitutional because the legislature is presumed to

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon 2005 & Supp.2007). Although the facts on which Everett's claims were based are alleged to have occurred prior to the effective date of section 74.351, the differences between section 74.351 and its predecessor statute, art. 4590 section 13.01, are not material to our disposition of the constitutional challenge. Therefore, our opinion will refer to section 74.351, as the parties' briefs have, for expedience.

2. *See* Tex. Const. art. II, § 1. Everett does not argue that she timely filed an adequate report or that the trial court improperly applied the statutory requirements of section 74.351. Nor does she otherwise challenge the procedural or factual basis for the dismissal other than the constitutionality of the statute.

3. However, 4 of appellees' brief contradicts this contention by acknowledging that Everett's separation of powers argument was preserved.

4. *See Romero v. State*, 893 S.W.2d 550, 551 (Tex.App.-Texarkana 1994), *aff'd*, 927 S.W.2d 632, 635–36 (Tex.1996) (addressing, but rejecting, Romero's contention, raised for the first time in a motion to modify the judgment, that the settlement and dismissal of the case should be reversed because the settlement violated her constitutional rights).

5. *See In re Commitment of Fisher*, 164 S.W.3d 637, 645 (Tex.2005); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex.2003).

have intended compliance with the Texas Constitution.[6]

## Separation of Powers

Everett argues that section 74.351 violates the Separation of Powers provision because, by dictating to courts exactly when and how to render a judgment with prejudice if a plaintiff does not provide an adequate expert medical report within the prescribed time period, it interferes with the judiciary's constitutional power to decide when and how to render judgments.[7]

The Separation of Powers provision prohibits one branch of government from exercising a power inherently belonging to another branch. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 600 (Tex.2001). However, it is only when the functioning of the judicial process in a field constitutionally committed to the control of the courts is interfered with by the executive or legislative branches that a constitutional problem arises. *Id.*

The Texas Constitution explicitly vests the judicial power of the State in the courts. Tex. Const. art. V, § 1. Although the Constitution grants the Legislature authority over judicial *administration*, this authority does not allow the Legislature to encroach on substantive judicial powers.[8] The Legislature may thus define certain parameters within the operation of the judicial branch, but it may not interfere with the powers of the judicial branch so as to usurp those powers. *Williams v. State*, 707 S.W.2d 40, 45–46 (Tex.Crim.App. 1986).[9] Judicial powers under the Constitution include the powers to: (1) hear facts; (2) decide the issues of fact made by the pleadings; (3) decide the question of law involved; (4) enter a judgment on the facts found in accordance with the law as determined by the court; and (5) execute the judgment or sentence.[10]

The parties have cited, and we have found, no Texas appellate court decision on whether section 74.351 or any similar statute violates the Separation of Powers pro-

6. *City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex.2006); *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000).

7. Everett contends that the statute, by its terms, always operates unconstitutionally, *i.e.*, there is no set of circumstances in which it will be valid, rather than that it is unconstitutional as applied in this particular case. *See generally, Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex.2002); *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 n. 16 (Tex.1995); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992).

8. *State v. Williams*, 938 S.W.2d 456, 459 (Tex. Crim.App.1997); *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex.Crim.App. 1990).

9. The concurring opinion takes issue with our application in this civil case of Separation of Powers principles that have been stated in Court of Criminal Appeals opinions, but have

not been addressed by the Texas Supreme Court. However, because Wilson–Everett expressly relies on these principles, such that none of the Texas Supreme Court opinions bear on her contentions, we cannot address those contentions without either applying the principles she relies upon from the Court of Criminal Appeals opinions or, alternatively, concluding that they have no application in a civil case. Because the Texas Supreme Court has not indicated any disagreement with these principles, or decided any cases inconsistently with them, we have no basis to conclude that they do not apply in a civil case. In addition, it is not apparent how our high courts could conclude that there is a difference in the amount or degree of Separation of Powers that is constitutionally required between our respective branches of government when viewed in a civil versus criminal context.

10. *Armadillo Bail Bonds*, 802 S.W.2d at 240–41.

vision of the Texas Constitution.[11] The Court of Criminal Appeals has held that a statute, requiring dismissal of a prosecution with prejudice if an indictment against the defendant is not presented at the next term of court held after commitment or admission to bail, violated the Separation of Powers provision. *See Ex parte Young*, 213 S.W.3d 327, 329, 331–32 (Tex.Crim. App.2006). However, that decision was based on a determination that the statute disrupted the *prosecutor's* ability to perform his duties, rather than interfering with the court's power to render decisions, as asserted in this case. Similarly, courts of other states have rejected challenges to similar statutes on Separation of Powers grounds, but those decisions were also based on different arguments than Everett advances here.[12]

Although not cited by either party in this case, or binding on this court, an arguably more relevant decision is that in *In re S.G.*, 175 Ill.2d 471, 222 Ill.Dec. 386, 677 N.E.2d 920, 930 (1997). There, the State challenged a statute, requiring dismissal of a petition for adjudication of wardship if the adjudicatory hearing was not completed within 90 days of service, as encroaching on the court's power to decide the best interest of minors. *See id*, at 923,

927. The court concluded that the statute did not violate the separation of powers principle because it represented a legislative expression of public policy requiring the expeditious resolution of abuse and neglect cases, provided a reasonable time for the exercise of judicial duties, and did not deprive the courts of the power to adjudicate a child's best interest, but only required that power to be exercised in a manner that protects the rights of all parties. *See id.* at 930.

■ In the present case, the expert report requirement in section 74.351 imposes a threshold to prevent frivolous or premature lawsuits from proceeding until a good-faith effort has been made to demonstrate that at least one expert believes that a breach of the applicable standard of care caused the claimed injury. *See Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex.2005); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex.2003). The courts retain the judicial power to determine whether a timely filed report is adequate in this regard and to render a decision accordingly. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(*l*), (r)(6). Everett does not contend that the applicable time limits for submitting re-

---

**11.** However, the statute has survived other challenges to its constitutionality. *See Morrison v. Chan*, 699 S.W.2d 205 (Tex.1985) (rejecting due process and open courts challenge). The predecessor to section 74.351, art. 4590 section 13.01, has also withstood constitutional challenges, including a Separation of Powers challenge, albeit to other provisions in the statute than the one challenged in this case. *See Knie v. Piskun*, 23 S.W.3d 455 (Tex.App. -Amarillo 2000, pet. denied) (overruling a Separation of Powers challenge to section 13.01(p) and (q)); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 856 (Tex.App.-Texarkana 2006, no pet.) (denying due process challenges); *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 227 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (denying due process, equal protection, and right to jury

trial challenges); *Villa v. Hargrove*, 110 S.W.3d 74, 81 (Tex.App.-San Antonio 2003, pet. denied) (denying due process and equal protection challenges); *Mocega v. Bradford Urquhart, M.D.*, 79 S.W.3d 61, 64 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (denying open courts challenge).

**12.** *See DeLuna v. St. Elizabeth's Hosp.*, 147 Ill.2d 57, 167 Ill.Dec. 1009, 588 N.E.2d 1139, 1143–46 (1992) (statute allowing dismissal of medical malpractice action if plaintiff failed to submit expert report did not violate Separation of Powers by improperly delegating a judicial power to the health care professional providing the report); *Mahoney v. Doerhoff Surgical Servs.*, 807 S.W.2d 503, 505–06, 510 (Mo.1991) (same).

ports are unreasonable or that courts are otherwise unduly constrained by the statutory requirements in deciding whether an adequate report has been filed. Because Everett has therefore not overcome the presumption that section 74.351 is constitutional, we overrule her issue and affirm the judgment of the trial court.

FROST, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

In this healthcare-liability case, this court correctly affirms the trial court's ruling that section 74.351 of the Texas Civil Practice and Remedies Code does not violate the Separation of Powers provision of the Texas Constitution. However, in this civil case, the court should avoid stating in dicta the methodology of the Texas Court of Criminal Appeals, which may be different from that of the Texas Supreme Court.

Appellant Mercedes Wilson–Everett argues that section 74.351 of the Texas Civil Practice and Remedies Code, on its face, violates the Separation of Powers provision of the Texas Constitution because, by dictating to courts exactly when and how to render a judgment with prejudice if a plaintiff does not provide an adequate expert medical report within the prescribed time period, this statute interferes with the judiciary's constitutional power to decide when and how to render judgments. *See* TEX. CONST. art. II, § 1.

The Texas Constitution provides for three governmental departments (legislative, executive, and judicial) and states that "no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." *See* TEX. CONST. art. II, § 1. The separation-of-powers doctrine prohibits one branch of government from exercising a power inherently belonging to another branch. *Gen. Servs. Com'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 600 (Tex.2001). Under the Texas Constitution, the power to make laws and set public policy is vested in the legislature. *See* TEX. CONST. art. III, § 1; *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 873 (Tex.2000). A constitutional problem arises under the Separation of Powers provision of the Texas Constitution when the executive or legislative branch interferes with the functioning of the judicial process in a field constitutionally committed to the control of the courts. *Gen. Servs. Com'n,* 39 S.W.3d at 600.

The parties have not cited, and research has not revealed, any Texas appellate court decision as to whether section 74.351 or any similar statute violates the Separation of Powers provision of the Texas Constitution. Section 74.351 imposes certain requirements on the maintenance of healthcare-liability claims. By setting the public policy of Texas and enacting this law, the legislature did not exercise a power inherently or historically belonging to the judiciary, and the legislature did not interfere with the functioning of the judicial process in a field constitutionally committed to the control of the courts. *See id.* Because Wilson–Everett therefore has not overcome the presumption that section 74.351 is constitutional, it is correct to overrule her issue and affirm the trial court's judgment.

Wilson–Everett relies primarily on cases from the Texas Court of Criminal Appeals. The court correctly concludes that these cases are not on point. Nevertheless, the court goes further and identifies in an obiter dictum a list of five judicial powers contained in various cases from the Court of Criminal Appeals. *See ante* at p. 802; *Armadillo Bail Bonds v. State,* 802 S.W.2d 237, 239–40 (Tex.Crim.App.1990) (conclud-

ing that, in analyzing an alleged violation of the Separation of Powers provision, "the core of [ ] judicial power embraces the power (1) to hear evidence; (2) to decide the issues of fact raised by the pleadings; (3) to decide the relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence"). The Texas Supreme Court and the Court of Criminal Appeals sometimes disagree on the application of the same text. *See, e.g., Boyd v. State,* 971 S.W.2d 603, 606 (Tex.App.-Dallas 1998, no pet.) (noting that Texas Supreme Court implies a motion to extend time to file notice of appeal under certain circumstances but that Texas Court of Criminal Appeals, in applying the same appellate rule, does not permit courts in criminal appeals to imply a motion for extension of time). The Texas Supreme Court may not disagree with the analysis used by the Court of Criminal Appeals; however, to date, when given the opportunity to adopt this analysis, the Texas Supreme Court has not done so. *See Gen. Servs. Com'n,* 39 S.W.3d at 600 (analyzing alleged violation of Separation of Powers provision without referring to any list of judicial powers). Because the case under review is a civil appeal, this court is bound by the decisions of the Texas Supreme Court rather than those of the Court of Criminal Appeals. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P.,* 97 S.W.3d 179, 195 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Boyd,* 971 S.W.2d at 606. Therefore, the better course would be to analyze this issue as the Texas Supreme Court has and overrule the issue under that analysis.