In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00166-CV


____________________



JOE L. CARRICK, Appellant



V.



LISA SUMMERS, Appellee 


 




On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 08-08-08475-CV






OPINION



 Joe L. Carrick appeals from the trial court's interlocutory order denying his motion
to dismiss the health care liability claims of Lisa Summers. See Tex. Civ. Prac. & Rem. 
Code Ann. § 51.014(a)(9) (Vernon 2008); Tex. Civ. Prac. & Rem. Code Ann. § 74.351
(Vernon Supp. 2008). In issue one, Carrick contends Summers failed to serve a copy of an
expert report and curriculum vitae on Carrick or his counsel within 120 days of filing suit. 
We hold that dismissal of Summers's claims against Carrick is mandatory. Accordingly, we
reverse the trial court's order and remand it to the trial court for a determination of
appropriate attorney's fees.

 Summers filed her dental malpractice lawsuit, which named as defendants Carrick and
Guy M. Lewis, D.D.S. individually and doing business as Texas Center for Cosmetic
Dentistry and Spa, and Guy M. Lewis, D.D.S., P.A., on August 28, 2008. On January 6,
2009, Carrick filed a motion to dismiss Summers's health care liability claims as to him
because he had not been served with an expert's report and curriculum vitae within 120 days
from the date the suit was filed. Summers filed a response in which she informed the trial
court that she had included a copy of her expert's report and curriculum vitae in discovery
responses served on Lewis on December 17, 2008. She further explained that due to a
mistake her responses were inadvertently not sent to Carrick. In a supplemental response to
the motion to dismiss, Summers stated that "[t]hrough a good faith clerical error on the part
of the Plaintiff's counsel's staff, the discovery responses were not sent to the counsel for
Defendant Carrick, until January 8, 2009, after receipt of the Defendant's motion to dismiss." 
Summers supported her response with an affidavit from counsel's legal assistant.

 In response to Carrick's motion to dismiss, Summers argued that "Defendant
Carrick's motion is unsupported by any affidavit attesting to the non-receipt of an expert's
report and is therefore devoid of any proof to support the motion." On appeal, Summers
argues the trial court's order must be affirmed because Carrick failed to raise an appellate
challenge to this ground for the ruling. The statement of facts for Carrick's brief recites, as
follows (citations to record omitted): 

 After receiving Dr. Carrick's Motion to Dismiss, Plaintiff filed a
response, alleging that she had served Dr. Lewis with a report from Robert
Engelmeier, D.D.S. in response to Dr. Lewis'[s] Request for Disclosure,
Answers to Interrogatories and Requests for Production, but because of a
clerical error/accident, failed to serve any of the discovery responses, or the
report on Dr. Carrick. In Plaintiff's Response to Defendant[s'] Motion to
Dismiss, Plaintiff argued that dismissal of her claims against Dr. Carrick
because of her counsel's inadvertence, which was an accident, was a violation
of the open court's provision of the Texas Constitution.


In his arguments to the Court, Carrick contends that "[i]n this case, Plaintiff conceded that
she did not serve Defendant with a Chapter 74 report and curriculum vitae within 120 days
of filing suit." This argument, however brief, answers Summers's trial-court level complaint
that Carrick did not support his motion to dismiss with evidence. Carrick joined issue on the
actual issue presented to the trial court, that is, whether the trial court could deny Carrick's
motion to dismiss when Summers provided Carrick's counsel with Engelmeier's report more
than 120 days after the suit was filed.

 Carrick argues dismissal is mandatory. Section 74.351 of the Civil Practice and
Remedies Code provides, as follows:

 (a) In a health care liability claim, a claimant shall, not later than the
120th day after the date the original petition was filed, serve on each party or
the party's attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted. The date for serving the report may be
extended by written agreement of the affected parties. Each defendant
physician or health care provider whose conduct is implicated in a report must
file and serve any objection to the sufficiency of the report not later than the
21st day after the date it was served, failing which all objections are waived.


 (b) If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by Subsection (a), the
court, on the motion of the affected physician or health care provider, shall,
subject to Subsection (c), enter an order that:


 (1) awards to the affected physician or health care
provider reasonable attorney's fees and costs of court incurred
by the physician or health care provider; and


 (2) dismisses the claim with respect to the physician or
health care provider, with prejudice to the refiling of the claim.


 (c) If an expert report has not been served within the period specified
by Subsection (a) because elements of the report are found deficient, the court
may grant one 30-day extension to the claimant in order to cure the deficiency. 
If the claimant does not receive notice of the court's ruling granting the
extension until after the 120-day deadline has passed, then the 30-day
extension shall run from the date the plaintiff first received the notice.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351.


 By Summers's own admission, she served Carrick's counsel with Engelmeier's report
more than 120 days after suit was filed. Accordingly, dismissal is mandatory pursuant to
Section 74.351(b) unless the statute does not apply to her claim or she satisfied the
requirements of the statute through other means.

 Summers contends she established pre-suit compliance with Section 74.351. On June
2, 2008, a claims specialist for Carrick's insurance company acknowledged receipt of
Summers's notice of claim and requested her medical records. In response, Summers's
counsel mailed a letter to Carrick's insurance adjuster on July 28, 2008, a month before she
filed her original petition. The letter stated, as follows: "Pursuant to your request regarding
the medical records of Dr. Utter, enclosed is a letter from Dr. Utter dated October 2, 2007,
which is the only record I have from Dr. Utter." The attached letter recited the results of a
dental examination and made treatment recommendations, but did not mention Carrick or
Lewis or state how Carrick departed from accepted standards of health care. Summers
argues that the trial court could have found that she provided the report of her expert Dr.
Utter before the deadline.

 The Utter letter provides no evidence of Summers's compliance with Section 74.351. 
Counsel referred to Utter's letter as medical records, not a report, and did not suggest to the
insurance adjuster that the document was an expert report prepared pursuant to Section
74.351. Utter's letter does not contain the information required for an expert report supplied
pursuant to Section 74.351. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6)
("'Expert report' means a written report by an expert that provides a fair summary of the
expert's opinions as of the date of the report regarding applicable standards of care, the
manner in which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or damages
claimed."). Under these circumstances, the trial court could not rely on this correspondence
to deny Carrick's motion to dismiss. (1)

 Summers contends that she established that accident or mistake delayed the delivery
of her expert report. According to Summers, the existence of accident or mistake justifies
the trial court's denial of Carrick's motion to dismiss. We disagree that accident or mistake
may supply good cause for a trial court to ignore a mandatory statute. "If no report is served
within the 120 day deadline provided by 74.351(a), the Legislature denied trial courts the
discretion to deny motions to dismiss or grant extensions. . . ." Ogletree v. Matthews, 262
S.W.3d 316, 319-20 (Tex. 2007).

 Summers argues that the lack of a "good cause" exception to Section 74.351(b)
violates the separation of powers doctrine. See Tex. Const. art. II, § 1. Summers argues the
Legislature has interfered with a core judicial function by unduly interfering with the trial
court's power to hear evidence, determine the facts of a case and the rights of the parties,
apply the law to the facts and enter a judgment appropriate to the case.

 Another intermediate appellate court rejected this argument in a case that arose under
an earlier version of the statute. See Wilson-Everett v. Christus St. Joseph, 242 S.W.3d 799,
801 n.1, 802 (Tex. App.--Houston [14th Dist.] 2007, pet. denied). In that case, the court
reasoned "the expert report requirement in section 74.351 imposes a threshold to prevent
frivolous or premature lawsuits from proceeding until a good-faith effort has been made to
demonstrate that at least one expert believes that a breach of the applicable standard of care
caused the claimed injury." Id. at 803. "The courts retain the judicial power to determine
whether a timely filed report is adequate in this regard and to render a decision accordingly." 
Id.

 Summers relies on a parental-rights termination case to support her argument. See
Tex. Dep't of Family & Protective Servs. v. Dickensheets, 274 S.W.3d 150, 154 (Tex. App.--Houston [1st. Dist.] 2008, no pet.). In that case, the Legislature passed a statute that required
dismissal after a set period of time of any case involving a child in Department care. Id. at
159. The Department argued the statute was unconstitutional because it invaded the
exclusive power of a district or county attorney to represent the Department in civil court. 
Id. at 155. The court held "the Legislature was attempting to provide guidelines for assuring
that Texas children in the custody of the State are either returned to their parents or adopted
as quickly as possible." Id. at 159. The Department was free to perform its prosecutorial
function within the time limitations set by the statute. Id. at 161. Accordingly, the appellant
in that case did not establish a violation of the separation of powers clause. Id.

 Section 74.351 provides a 120-day period in which to serve the expert report. See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). If a report is timely filed, the trial court
may exercise judicial discretion in allowing an extension to cure a deficient report. Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(c). But imposing a strict, non-discretionary time limit
on serving the expert report does not restrict the trial court's power to hear evidence,
determine the facts of a case and the rights of the parties, apply the law to the facts and to
enter a judgment appropriate to the case, any more than a statute of limitations does. In a
case where a party failed to timely serve an expert report, the appropriate judgment is a
dismissal with prejudice. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). The trial
court could not deny Carrick's motion to dismiss on grounds that Section 74.351 violates the
separation of powers clause.

 Carrick asks that we tax attorney's fees as costs. He cites no statutory authority for
taxing attorney's fees as costs. See, e.g., Tex. Fam. Code Ann. § 156.005 (Vernon 2008)
("If the court finds that a suit for modification is filed frivolously or is designed to harass a
party, the court shall tax attorney's fees as costs against the offending party."). Section
74.351 does require a court to award reasonable attorney's fees. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b)(1).

 We sustain Carrick's issue, reverse the trial court's order denying Carrick's motion
to dismiss and remand the case to the trial court for entry of a judgment dismissing
Summers's claims against Carrick with prejudice, and to award Carrick reasonable attorney's
fees and court costs.

 REVERSED AND REMANDED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on July 15, 2009

Opinion Delivered August 27, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Rule 21a outlines permissible methods of service, and then adds that service may
also be obtained "by such other manner as the court in its discretion may direct." See Tex.
R. Civ. P. 21a; see also Tex. R. Civ. P. 1, 5. Rule 21(a) also provides that it is "cumulative
of all other methods of service prescribed by these rules." See Tex. R. Civ. P. 21a. Because
the Utter letter is not an expert report, we need not decide in this case whether the statute's
service requirement may be deemed satisfied by a plaintiff's pre-suit delivery of an expert
report to the proper party in a manner that provides reasonable, sufficient notice. See
generally Spiegel v. Strother, 262 S.W.3d 481 (Tex. App.--Beaumont 2008, no pet.)
(definition of "serve"). Similarly, we need not decide other questions that may arise - - for
example, the time period during which any objection must be served - - if, as apparently
happened in this case, the trial court after-the-fact approves pre-suit delivery. See Poland v.
Ott, 278 S.W.3d 39, 47-48 (Tex. App.--Houston [1st Dist.] 2008, pet. filed); Poland, 278
S.W.3d at 54-62 (Jennings, J., dissenting from denial of en banc consideration).