

NUMBER 13-10-00304-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FERNANDO J. OTERO, M.D., ORESTES
MOLINA, M.D., AND HERIBERTO
RODRIGUEZ-AYALA, M.D.,                                              Appellants,

v.

SENAIDA ALONZO,                                                        Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Rodriguez**

Appellants Fernando J. Otero, M.D., Orestes Molina, M.D., and Heriberto

Rodriguez-Ayala, M.D. challenge the trial court's denial of their motions to dismiss

appellee Senaida Alonzo's health care liability claim.  By one issue, appellants argue

that the trial court abused its discretion in denying their motions to dismiss because Alonzo failed to serve an expert report on appellants within the 120 days prescribed by section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a)-(b) (Vernon Supp. 2010). We reverse and render, in part, and reverse and remand, in part.

## I. BACKGROUND

On April 23, 2009, Alonzo filed suit against appellants and the Women's Clinic of South Texas (the Clinic) claiming negligence in connection with appellants' alleged failure to diagnose and treat her ectopic pregnancy before emergency surgery required the removal of her left fallopian tube and ovary.[1] Appellants filed their answers in May 2009. On August 19, 2009, Alonzo filed a notice with the trial court containing her expert report, which was authored by Margaret Thompson, M.D.; this was two days before the 120-day deadline under section 74.351, which would have been August 21, 2009. *See id.* § 74.351(a). It is undisputed that Alonzo served her expert report on the Clinic on or before August 21, but failed to serve her report on appellants by that date.

At the beginning of September 2009, appellants each filed motions to dismiss Alonzo's suit, arguing that Alonzo had failed to timely serve them with her expert report and, alternatively, that the report was deficient. Alonzo responded to appellants' motions to dismiss, claiming that her counsel's staff "inadvertently" failed to serve the report on appellants and arguing that the notice filed with the trial court and service of the report on the Clinic constituted constructive or a good-faith effort at service of process on appellants.

---

[1] The Women's Clinic of South Texas is not a party to this appeal.

2

On October 28, 2009, the trial court held a hearing on the motions to dismiss, but asked the parties for further briefing and closed the hearing without ruling. On March 10, 2010, the trial court held a second hearing on the motions to dismiss, after which it allowed Alonzo fourteen additional days to file her brief. On May 5, 2010, the trial court held its final hearing, at which it denied appellants' motions to dismiss. This interlocutory appeal followed. *See* TEX. R. APP. P. 28.1; TEX. CIV. PRAC. & REM. CODE. ANN. § 51.014(a)(9) (Vernon 2008) (authorizing an interlocutory appeal of the denial of a motion to dismiss filed under section 74.351(b)).

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion to dismiss under section 74.351 of the civil practice and remedies code for abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003).

## III. DISCUSSION

By one issue, appellants argue that the trial court abused its discretion in denying their motions to dismiss because Alonzo failed to timely serve her expert reports on appellants within the 120-day deadline provided by section 74.351. We agree.

Under section 74.351, a claimant must "serve on each party or the party's attorney" an expert report and curriculum vitae "not later than the 120th day after the date the original petition was filed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). The

3

120-day deadline is strict, and although it may lead to harsh results, "the Legislature [nonetheless] imposed the deadline as part of its effort to reduce excessive frequency . . . of health care liability claims."   *Ogletree v. Matthews*, 262 S.W.3d 316, 320 (Tex. 2007) (internal quotations omitted); *see Estate of Regis v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 68 (Tex. App.–Houston [14th Dist.] 2006, no pet.).   When a health care liability plaintiff wholly fails to serve her expert report on a defendant within 120 days, the trial court is without discretion to deny the defendant's motion to dismiss.   *Ogletree*, 262 S.W.3d 319-20; *see Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815-16 (Tex. App.–Corpus Christi 2006, no pet.).   Here, it is undisputed that Alonzo failed to serve her expert report on appellants within the 120-day deadline.   Despite this, the trial court denied appellants' motions to dismiss—it lacked the discretion to do so.

Alonzo responds that by (1) serving the Clinic, at which she alleges appellants were employees or associates, and (2) filing the expert report with the district court, she made a good-faith effort to comply with section 74.351.   Alonzo also responds that the 120-day deadline should be tolled in this case because appellants failed to timely provide medical records as required by section 74.051 of the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(d) (Vernon 2005) ("All parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records . . . .").   Finally, Alonzo responds that to dismiss under the facts of this case would be an inequitable death penalty sanction that violates the open courts provision of the Texas Constitution.   *See* TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for

4

an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). We are not persuaded by Alonzo's responses.

First, the requirement in section 74.351 that a plaintiff serve her expert report on each party within 120 days is not subject to any good-faith exception. *See Offenbach v. Stockton*, 285 S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) ("Unlike former article 4590i, which gave a claimant two opportunities to seek an extension of time in which to furnish an expert report, former section 74.351(a) does not contain a 'due diligence' or 'good cause' exception." (citations omitted)); *Estate of Regis*, 208 S.W.3d at 68 ("In repealing article 4590i and enacting Civil Practice and Remedies Code chapter 74, the legislature specifically removed the trial court's ability to grant an extension based on a plaintiff's diligence."); *Kendrick v. Garcia*, 171 S.W.3d 698, 705 (Tex. App.–Eastland 2005, pet. denied) ("As a result of the omission of the 'accident or mistake' exception in Section 74.351, we conclude that the new statute precludes the existence of a good faith exception to the requirement of timely serving expert reports."). Rather, section 74.351 creates only two exceptions to the 120-day deadline: (1) the parties agree to an extension; or (2) the trial court is permitted to grant one thirty-day extension to the plaintiff to cure a deficient but otherwise timely report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (c); *Badiga v. Lopez*, 274 S.W.3d 681, 685 (Tex. 2009); *Valley Baptist Med. Ctr.*, 198 S.W.3d at 814-15. Neither exception applies in this case. The parties did not agree to extend the deadline. And no timely but deficient report was served on appellants such that Alonzo could invoke the thirty-day extension.

5

Further, while Alonzo urges us to conclude that "serve" is not defined in section 74.351 and thus rule 21a, governing service of process, does not apply to the expert report requirement, our precedent and the clear precedent of other courts in Texas indicate otherwise. *See* TEX. R. CIV. P. 21a. A health care liability plaintiff's service of her expert report must comply with rule 21a. *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.–Corpus Christi 2010, pet. denied); *Fulp v. Miller*, 286 S.W.3d 501, 510 (Tex. App.–Corpus Christi 2009, no pet.) (op. on reh'g); *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.–Houston [1st Dist.] 2007, pet. denied); *Kendrick*, 171 S.W.3d at 704. Under rule 21a, service may be accomplished by:

> [D]elivering a copy [of the report] to the party to be served, or the party's duly authorized agent or attorney of record . . . either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

TEX. R. CIV. P. 21a. Service of the expert report on the Clinic—which was sued separately from and had a different attorney than appellants—was not a method of service authorized by rule 21a and thus did not effectuate service on appellants. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (requiring that the expert report be served on "*each* party or the party's attorney" (emphasis added)). And service may not be accomplished under section 74.351 by filing a copy of the expert report with the trial court. *See Offenbach*, 285 S.W.3d at 521 ("[F]iling [the expert report] with the petition does not comply with the statute."); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.3, 853-54 (Tex. App.–Texarkana 2006, no pet.) (holding that the trial court abused its discretion in denying the defendant's motion to dismiss where the plaintiff filed its

6

expert report with the court but failed to timely serve it on the defendant because of a facsimile machine malfunction); *see also Acosta v. Chheda*, No. 01-07-00398-CV, 2007 WL 3227650, at *2 (Tex. App.–Houston [1st Dist.] Nov. 1, 2007, pet. denied) (mem. op.) ("[F]iling an expert report with the district clerk does not satisfy 'service' on a party under section 74.351(a)." (citations omitted)); *Quint v. Alexander*, 03-04-00819-CV, 2005 WL 2805576, at *2-3 (Tex. App.–Austin Oct. 28, 2005, pet. denied) (mem. op.) (same); *cf. Kendrick*, 171 S.W.3d at 704 n.5 (noting that placement of an expert report in box for attorneys at district clerk's office did not comply with rule 21a).

Second, a defendant health care provider's failure to provide medical records requested under section 74.051 does not toll the 120-day expert report deadline. *Estate of Regis*, 208 S.W.3d at 68 (rejecting the plaintiff's argument that the defendant's failure to provide medical records for two years following the plaintiff's request under section 74.051(d) entitled the plaintiff to an equitable extension of time for filing her expert report); *see also Garza v. Saenz*, No. 13-09-00111-CV, 2010 WL 746712, at *2 (Tex. App.–Corpus Christi Mar. 4, 2010, no pet.) (mem. op.) ("A claimant's efforts to obtain medical records under section 74.051 do not serve to toll or extend the expert report deadline."). Thus, whether appellants produced the records requested by Alonzo—an issue that is disputed by the parties—is irrelevant for the purposes of determining compliance with the expert report requirement.

Finally, it is well-settled that section 74.351's strict requirement for timely service of an expert report does not violate the open courts provision of the Texas Constitution. *See Powell v. Clements*, 220 S.W.3d 138, 140 (Tex. App.–Waco 2007, pet. denied)

(holding that the expert report requirement does not impose unreasonable or arbitrary restrictions in violation of the open courts provision of the Texas Constitution); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 461-62 (Tex. App.–Austin 2004, no pet.) (holding that the statute did not violate the open courts doctrine where the plaintiff "did not produce any evidence that the requirements of section 74.351 worked to prevent him from pursuing his claim" and, in fact, admitted that his failure to timely serve his expert report was the "result of the inadvertent failure to deliver documents"); *Perry v. Stanley*, 83 S.W.3d 819, 825 (Tex. App.–Texarkana 2003, no pet.) (citing *Gill v. Russo*, 39 S.W.3d 717, 718-19 (Tex. App.–Houston [1st Dist.] 2001, pet. denied)) (holding that section 74.351's requirement for early expert reports is rationally related to the purpose of the statute to discourage frivolous malpractice suits and does not violate the open courts provision of the Texas Constitution). In fact, Texas courts have consistently held that the expert report requirement passes muster on a variety of constitutional grounds. *See, e.g.*, *Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 802-804 (Tex. App.–Houston [1st Dist.] 2007, pet. denied) (section 74.351 does not violate separation of powers provision of Texas Constitution); *Thoyakulathu*, 192 S.W.3d at 855-56 (Tex. App.–Texarkana 2006, no pet.) (due process does not require "exceptions [to the expert report requirement] that would encompass any conceivable complication in order to pass constitutional muster"); *Herrera*, 212 S.W.3d at 461-62 (section 74.351 does not violate due process of law); *Schrop v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 736-37 (Tex. App.–San Antonio 1999, no pet.) (dismissal of claim due to failure to comply with expert report requirement, even if claim is meritorious, does not offend due process); *see also Etheredge v.*

*McCarthy*, No. 05-05-00164-CV, 2006 WL 1738258, at *1, (Tex. App.–Dallas June 27, 2006, no pet.) (mem. op.) (dismissal imposed as a direct result of plaintiff's failure to file an expert report in compliance with the statutory deadline was appropriate and did not violate the due process clause).   We are therefore unpersuaded by Alonzo's constitutional argument.

In sum, Alonzo did not comply with the plain, clear, and strict requirements of section 74.351 when she failed to serve her expert reports on appellants within the 120-day period as prescribed by the statute.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Ogletree*, 262 S.W.3d at 320; *Estate of Regis*, 208 S.W.3d at 68.   In denying appellant's motion to dismiss, the trial court acted without reference to the guiding laws and principles enumerated above and, therefore, abused its discretion.   *See Ogletree*, 262 S.W.3d 319-20; *Valley Baptist Med. Ctr.*, 198 S.W.3d at 815-16.   Appellants' sole issue is sustained.

## IV.  CONCLUSION

We reverse the order of the trial court denying appellants' motion to dismiss; render judgment dismissing Alonzo's suit against appellants with prejudice; and remand for a determination of attorneys' fees and costs owed to appellants, as required by section 74.351.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
3rd day of March, 2011.

9