**Opinion issued August 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00399-CV

———————————

**PATRICIA ORAMAS, Appellant**

**V.**

**THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
Appellee**

---

On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case No. 23-CV-1415

---

## MEMORANDUM OPINION

This appeal involves a claim of medical malpractice against a state hospital. Appellant Patricia Oramas, proceeding pro se, brought the claim against appellee The University of Texas Medical Branch at Galveston after the death of her husband Henry Oramas, who had been a Covid-19 patient. UTMB moved to dismiss the

lawsuit when Oramas did not serve an expert report before the deadline under the Texas Medical Liability Act. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b)(2). The trial court granted the motion and dismissed Oramas's action with prejudice. Oramas challenges the trial court's judgment in 27 issues on appeal. We hold that the trial court was compelled to grant UTMB's motion because Oramas did not serve the expert report before the statutory deadline. We affirm.

## Background

As alleged in her petition, Oramas's husband died in September 2021 while admitted to UTMB for Covid-19 treatment. Oramas filed suit against UTMB and two individual defendants. The two individuals soon dropped out of the case, leaving UTMB as the lone defendant and appellee. UTMB filed its original answer on September 29, 2023, which started the 120-day clock for Oramas to serve UTMB with an expert report and the expert's curriculum vitae. *See id.* § 74.351(a).

Oramas explains that she made diligent efforts to find a lawyer and that she contacted many of them, but no one was willing to take her case. Thus, she has had to go it alone. She then encountered similar challenges in finding an expert witness who would support her claim of medical malpractice. Although she eventually found an expert who wrote a report for her, this did not take place until weeks after the 120-day deadline.

The deadline to serve the required expert report and CV fell on January 29, 2024.[1] *See id.* Oramas was unable to meet this deadline. The parties do not necessarily see eye to eye on why, but the undeniable reality is that the deadline was not met. The month of February went by without a report. In early March 2024, UTMB moved to dismiss the lawsuit. *See id.* § 74.351(b)(2).

After the motion to dismiss was filed, Oramas served UTMB with an expert report by Dr. Elaine Goldhammer. Oramas filed the report with the trial court in late March 2024. UTMB admits that Oramas eventually filed this report, although UTMB denies that the report included Dr. Goldhammer's CV.

The trial court held a hearing on the motion to dismiss. UTMB discussed its reasons for seeking dismissal, and Oramas discussed her reasons for opposing it. The court did not rule on the spot. But it subsequently granted the motion, dismissed the claims, and signed UTMB's proposed order with one modification: the court struck through the part of the order that would have awarded attorney's fees and costs.[2] This appeal followed.

---

[1] Because 120 days after UTMB filed its answer fell on a Saturday, the Rules of Civil Procedure extended the deadline to the following Monday. *See* TEX. R. CIV. P. 4.

[2] On appeal, UTMB does not challenge the trial court's denial of its request for attorney's fees and costs.

**Expert Report**

First, UTMB argues that Oramas's appellate brief fails to comply with the briefing rules. In UTMB's view, Oramas "failed to brief any issues and the issues are waived." UTMB argues that we should strike the brief and dismiss the appeal "because [Oramas] failed to comply with the briefing rules and, thus, waived all arguments she attempts to raise in this appeal." We disagree.

The Rules of Appellate Procedure "require adequate briefing," and a party's failure to comply with these rules can result in waiver. *Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025) (quotation omitted); *see* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Pro se litigants are held to the same standards as attorneys and must comply with all applicable and mandatory rules of pleading and procedure. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("To apply a different set of rules to pro se litigants would be to give them an unfair advantage over litigants represented by counsel.").

But the Texas Supreme Court has repeatedly instructed that appellate courts "should hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits." *Bertucci*, 709 S.W.3d at 541–42 (quoting *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020)

(per curiam)); *see also Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) ("[B]riefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver."); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) ("Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible."). "Whenever possible, we reject form-over-substance requirements that favor procedural machinations over reaching the merits of a case." *Bertucci*, 709 S.W.3d at 542 (quotation omitted). "[S]ubstantial compliance" with the briefing rules "is sufficient." *Horton*, 591 S.W.3d at 569 (quoting TEX. R. APP. P. 38.9).

Oramas's briefing cites numerous cases supporting her arguments, and she explains her position well enough such that we can easily understand it. Had it been written by a lawyer, the brief presumably would have had the customary features and formatting; but it came from a pro se litigant, so we will not insist on the same level of technical compliance with the briefing rules that we would require of an attorney. *See id.* Oramas has laid out her position clearly, and she has done so in a way that allows us to reach the legal arguments with no serious difficulty.[3] Many

---

[3]     To the extent UTMB contends that Oramas's brief did not provide record citations, we note that resolution of this appeal requires us to review only the file-stamped dates on which UTMB filed its answer and Oramas filed the expert report, and perhaps the pleadings for context. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a) (imposing 120-day deadline to file expert report after defendant files answer). We disagree with UTMB that doing so requires the Court to "abandon its role as a neutral adjudicator and become, in essence, an advocate for [Oramas]."

pro se briefs fall short of that standard, so we are unwilling to strike her briefing or dismiss her appeal. We conclude that Oramas substantially complied with the briefing rules. *See* TEX. R. APP. P. 38.9; *Horton*, 591 S.W.3d at 569.

Second, UTMB argues that the trial court ruled correctly in dismissing the case pursuant to section 74.351 because of the failure to serve an expert report and a CV before expiration of the 120 days. UTMB explains: "The Texas Supreme Court and courts of appeals have repeatedly held that this statutory provision is mandatory in all health care liability claims and causes of action and requires strict compliance. In addition, none of [Oramas's] explanations for her failure to adhere to the statute absolved her of having to comply with this expert report and CV service requirement." In UTMB's view, "the trial court was required" to dismiss the case. On this point, we agree with UTMB.

Because the 120-day requirement is statutory and thus presents an issue of statutory interpretation, we review this issue de novo. *See Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 615 (Tex. 2015). Section 74.351 contains the requirement:

> (a)　In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed or a later date required under Section 74.353, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. . . .

(b)     If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

* * * *

(2)     dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b)(2).[4]

Under section 74.351, the trial court was absolutely required to dismiss the case because Oramas did not serve UTMB with an expert report by January 29, 2024. *See id.* This conclusion is not open to debate. If the trial court had had a choice, it may have allowed Oramas to have her day in court before a jury of her peers. But Texas law takes a very strict approach to this question. If a claimant in a health care liability case wants a day in court, the claimant must serve an expert report with a CV, or else the judge must dismiss the case. "Dismissal with prejudice is required if an expert report is not timely served." *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 362 (Tex. 2019); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 93 (Tex. 2012) ("[A] court must dismiss a health care liability claim if the plaintiff does not timely serve an expert report and the defendant physician or health care provider properly objects.").

---

[4]     The parties do not dispute that the 120-day deadline was not extended either by agreement or under Section 74.353. *See id.*

Oramas asks whether the statute is constitutional when it "slams the door closed on justice for wrongful death cases against a state hospital by not allowing the injured party to acquire a contingency attorney[.]" The Texas Supreme Court has heard this argument before and found it wanting. The court has upheld the statute as constitutional. *See Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011). "When a statute is unambiguous, our role is to apply it as written despite its imperfections." *Id.* at 619; *see also Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). This Court has done likewise. *Strom v. Memorial Hermann Hosp. Sys.*, 110 S.W.3d 216, 227 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Gill v. Russo*, 39 S.W.3d 717, 718–19 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 802–04 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Oramas points out that this law can make life very difficult for pro se litigants or for anyone who, for whatever reason, has trouble finding an expert within the 120 days. She beseeches the Court to recognize that her case has merit, that it is not frivolous, and that the law was designed to filter out bad claims rather than good ones like hers. In her view, the trial court was not required to dismiss the case.

This Court cannot rewrite a valid law passed by the people's representatives. *See Badaracco v. Comm'r of Internal Revenue*, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible

8

of improvement."); *Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 624 (Tex. 2022) ("Of course, we may not rewrite statutes to broaden their applicability beyond what the plain language encompasses."). The law at issue here leaves no room for judges to create exceptions to make the law more flexible or less harsh. If the claimant fails to serve an expert report with a CV on a timely basis and the health care provider moves for dismissal—which is what happened here—the case cannot proceed to a trial. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b)(2). This outcome remains the same regardless of whether the underlying claim has genuine merit.

An airline passenger who tries to board a commercial flight without a boarding pass will be kept off the plane, even if she bought a ticket. The gate agent will stop the passenger from getting on board. Texas medical malpractice law works in a similar way. It treats the expert report like the airlines treat a boarding pass. Without timely serving an expert report, the litigant has not presented a boarding pass for going to trial. When that happens, the judge has no choice but to dismiss the case, even if the case has genuine merit. *See id.* For these reasons, although we reject any suggestion that Oramas's case is in fact frivolous, we conclude that the trial court had no choice but to grant the motion to dismiss.

## Conclusion

We decline to strike Oramas's brief or dismiss her appeal. After fully reviewing the entire record and both parties' legal arguments, we affirm the trial court's judgment.

David Gunn
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.