927 S.W.2d 632 (1996)
Rosalinda ROMERO, Petitioner
v.
The STATE of Texas, Respondent.
No. 95-0289.
Supreme Court of Texas.
Argued September 20, 1995.
Decided July 12, 1996.
Rehearing Overruled September 19, 1996.
*633 David L. Joers, Dallas, for petitioner.
Dale Jensen, Dallas, Dan Morales, Austin, Gerard V. D'Alessio, Jr., Dallas, for respondent.
ENOCH, Justice delivered the opinion for a unanimous Court.
Rosalinda Romero seeks to set aside a settlement reached in a civil forfeiture action. Romero agreed to divide the proceeds from the sale of her house and lot with the State of Texas. The court of appeals affirmed the trial court's refusal to set aside the agreement. 893 S.W.2d 550. We affirm the judgment of the court of appeals.
In October 1990, undercover police officers arrested Romero after she arranged for two cocaine sales to take place at her house. The State charged Romero with two offenses of delivery of cocaine, but a jury convicted her of only one offense, a sale involving the delivery of two ounces of cocaine worth $2500. She received five years' probation for this crime. The jury found her not guilty of the second charge of delivery of five ounces of cocaine worth $6250.
In November 1990, the State initiated civil forfeiture proceedings against Romero's house and lot. The State alleged that the property was contraband subject to forfeiture because Romero used it in the commission of the felony offense of delivery of cocaine. TEX.CODE CRIM. PROC. ANN. art. 59.01(2)(B)(ii) (Vernon Supp.1996). The State sought summary judgment, alleging that no genuine issue of material fact existed about whether the house was used in the commission of delivery of cocaine. Without stating its reasons, the trial court granted the State's summary judgment motion and ordered the forfeiture of Romero's property.
Romero filed a motion for new trial alleging, in part, that the forfeiture was punitive and thus violated her double jeopardy rights.[1] Without stating its reasons, the trial court granted Romero's motion for new trial and set aside the State's summary judgment. Romero then sought summary judgment alleging, in part, that double jeopardy barred the forfeiture of her property. Before trial, Romero and the State reached a settlement. Under the settlement agreement, the State agreed to release Romero and her property from all claims and liabilities in exchange for *634 her agreement to sell the property and pay half of the estimated $46,000 in net proceeds to the State.
Shortly after settling the forfeiture proceeding, Romero sought to set aside the settlement agreement, alleging that on the day she signed the agreement, the law of double jeopardy changed. On June 28, 1993, the United States Supreme Court issued its opinion in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), in which it held that the forfeiture of property in cases such as Romero's is punishment under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. Romero asserted that although Austin was decided under the Excessive Fines Clause, it also had double jeopardy implications. She argued that under Austin, a separate civil forfeiture proceeding instituted after a criminal conviction amounts to multiple punishments for the same offense and thus violates the federal constitution's Double Jeopardy Clause. She contended, therefore, that her settlement agreement with the State was voidable because it was contrary to public policy, was induced by mutual mistake, was not supported by consideration, and was unconscionable.
Romero's motion to modify the judgment and vacate the settlement agreement was overruled by operation of law. The court of appeals affirmed, holding that the settlement agreement did not violate the federal constitution's prohibition against double jeopardy and was based on well-settled law that was not changed by Austin. 893 S.W.2d at 553.
On application for writ of error to this Court, Romero again urges that under Austin the forfeiture of her property constituted double jeopardy. In addition, although her unconscionability argument is premised primarily upon her double jeopardy claim, Romero argues that the settlement agreement is unconscionable because of the total circumstances surrounding the agreement. Further, Romero contends that her settlement agreement is unenforceable because it did not comply with Rule 11 of the Texas Rules of Civil Procedure.[2] We find Romero's contentions unpersuasive.

I
The Double Jeopardy Clause of the United States Constitution provides: "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. The Double Jeopardy Clause precludes both multiple punishments and multiple prosecutions. United States v. Ursery, ___ U.S. ___, ___, 116 S.Ct. 2135, 2139, 135 L.Ed.2d 549, 557-58 (1996). The prohibition against multiple punishments, which is at issue in this case, prevents the State from punishing a defendant twice for the same offense. Ursery, ___ U.S. at ___, 116 S.Ct. at 2139-40, 135 L.Ed.2d at 557-59.
The Supreme Court recently reaffirmed in Ursery its "traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." ___ U.S. at ___, 116 S.Ct. at 2138, 135 L.Ed.2d at 557; see also Various Items of Personal Property v. United States, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972); United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). Whether a civil forfeiture implicates double jeopardy depends on whether the "forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial." Ursery, ___ U.S. at ___, 116 S.Ct. at 2142, 135 L.Ed.2d at 561 (quoting 89 Firearms, 465 U.S. at 362, 104 S.Ct. at 1105). This inquiry is two-fold:
*635 (1) whether the Legislature intended proceedings under the forfeiture statute to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent. Ursery, ___ U.S. at ___, 116 S.Ct. at 2142, 135 L.Ed.2d at 562 (citing 89 Firearms, 465 U.S. at 366, 104 S.Ct. at 1107).
The Excessive Fines Clause of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The United States Supreme Court has held that a civil forfeiture may constitute "payment to a sovereign as punishment for some offense" such that the forfeiture is subject to the limitations of the Excessive Fines Clause. Austin v. United States, 509 U.S. 602, 622, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). Romero argues that under Austin the civil forfeiture proceeding in this case constituted a second punishment for her felony drug offense and thus violated her double jeopardy rights.
In Ursery, the Supreme Court concluded that Austin did not alter traditional double jeopardy law, but rather was strictly an Eighth Amendment Excessive Fines Clause case. Ursery, ___ U.S. at ___, 116 S.Ct. at 2146, 135 L.Ed.2d at 567. Accordingly, while we may review civil forfeitures for excessiveness under the Eighth Amendment, this does not mean forfeitures are so punitive that they constitute punishment for double jeopardy purposes. Ursery, ___ U.S. at ___, 116 S.Ct. at 2146, 135 L.Ed.2d at 567. To determine whether a civil forfeiture is a "punishment" for double jeopardy purposes, we measure the forfeiture under the traditional two-part analysis set forth in Ursery.
We need not, however, review Texas's civil forfeiture proceedings under the Ursery standard in this case. Romero did not pursue her double jeopardy claims. Rather than risk a trial in which she could have asserted her double jeopardy defense, Romero settled the civil forfeiture action against her by written agreement with the State.[3] Her sole basis for setting aside that settlement agreement is that Austin changed the law on double jeopardy so that civil forfeitures are per se punishment under the Double Jeopardy Clause. As we have explained above, Romero's reliance on Austin is misplaced. Austin affords her no basis for rescinding the settlement agreement.

II
Additionally, Romero contends that the settlement agreement must be set aside because it is unconscionable in light of the total circumstances under which she signed it. She argues that the agreement is unconscionable because she entered it "under the threat of [the State] taking all of her home instead of one-half." 893 S.W.2d at 553 (Grant, J., dissenting). We do not regard the prospect of an imminent jury trial in a civil forfeiture proceeding as the kind of duress that would justify the avoidance of Romero's settlement agreement with the State. We reject Romero's argument.
Romero also asserts that the settlement agreement is unconscionable because of the disparity in bargaining power between her and the State; the unfairness and oppression inherent in the forfeiture proceeding; the embarrassment, expense, and anxiety she suffered from the forfeiture proceeding; and because the judge who presided over the forfeiture proceeding was not the judge who presided over her criminal trial. These contentions derive from an erroneous *636 attack upon the State's authority to seek civil forfeitures. Our Legislature has clearly given the State the right to pursue civil forfeitures. TEX.CODE CRIM. PROC. ANN. art. 59.01-.11 (Vernon Supp.1996). Consequently, none of these allegations are grounds upon which to declare Romero's settlement agreement unconscionable.

III
Romero's final contention is that her settlement agreement is unenforceable because it did not comply with Texas Rule of Civil Procedure 11. She argues that the agreement cannot be enforced because it was not filed with the papers as part of the record or made in open court and entered of record before the trial court signed the "Order of Dismissal." Additionally, Romero contends that the agreement is unenforceable according to its own terms because its enforceability was conditioned on trial court approval, which she says was never given. We do not reach these issues because Romero waived them by not presenting them to the court of appeals until she filed her motion for rehearing. E.F. Hutton & Co., Inc. v. Youngblood, 741 S.W.2d 363, 364 (Tex.1987).

* * * * * *
Romero has failed to establish that her settlement agreement with the State violated the Double Jeopardy Clause or is otherwise unconscionable. We affirm the judgment of the court of appeals.
NOTES
[1] Romero has not argued that her settlement agreement should be set aside because it violates the Texas Constitution's double jeopardy provision, TEX. CONST. art. 1, § 14, but only because it violates the federal constitution's double jeopardy provision. U.S. CONST. amend. V.
[2] In her Post-Submission Brief, Romero argued for the first time that the forfeiture violated the Excessive Fines Clause of both the United States and Texas Constitutions. U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); TEX. CONST. art. I, § 13 (same). She asserted that the forfeiture of her $46,000 home was grossly excessive when compared to the $8750 value of the cocaine sold. Because she raised this issue for the first time post-submission, she has not preserved it for review and we will not consider it. State v. J.M. Huber Corp., 145 Tex. 517, 199 S.W.2d 501, 502 (1947).
[3] Romero also argues that the settlement agreement fails for lack of consideration because she is entitled to the innocent owner defense set out in the Texas forfeiture statute. See TEX.CODE.CRIM. PROC. ANN. art. 59.02(c) (Vernon Supp.1996). We do not reach this argument because Romero waived it by not presenting it to the trial court in her motion to vacate the settlement agreement. See E.F. Hutton & Co., Inc. v. Youngblood, 741 S.W.2d 363, 364 (Tex.1987). Even if Romero had preserved this argument for review, however, we would not consider its merits. Romero raised the innocent owner defense in her summary judgment motion in the trial court. But, just as she chose not to proceed to trial on her double jeopardy defense, Romero chose not to proceed to trial on her innocent owner defense. Instead, she settled the forfeiture action. She cannot now reassert a defense she compromised by settling.