

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00495-CV

TEDRICKE GARDNER

APPELLANT

V.

TARRANT COUNTY CIVIL
SERVICE COMMISSION AND
TARRANT COUNTY, TEXAS

APPELLEES

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In one issue, Appellant Tedricke Gardner appeals pro se the trial court's summary judgment for Appellees Tarrant County Civil Service Commission and Tarrant County, Texas (collectively Tarrant) and the trial court's decision to deny his motion for new trial. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

This is the parties' third appearance before this court. *See Gardner v. Tarrant Cnty. Civil Serv. Comm'n (Gardner I)*, No. 02-04-00130-CV, 2005 WL 32415, at *1 (Tex. App.—Fort Worth Jan. 6, 2005, no pet.) (mem. op.); *see also Gardner v. Tarrant Cnty. Civil Serv. Comm'n (Gardner II)*, No. 02-06-00164-CV, 2007 WL 1018657, at *1 (Tex. App.—Fort Worth Apr. 5, 2007, no pet.) (mem. op.).

In October 2000, Gardner, employed as a probation officer with Tarrant County Juvenile Services (TCJS), took a three-week leave of absence.[2] *See Gardner I*, 2005 WL 32415, at *1. During his leave, TCJS sent Gardner two letters. *Id.* The first time that the parties appeared here, we held that because the letters' language was clear and unambiguous in outlining TCJS's position that it considered Gardner to have abandoned his job, it was Gardner's responsibility to file a grievance contesting TCJS's position within seven days of receiving the second letter. *See id.* at *3. We affirmed the trial court's judgment that substantial evidence existed to show that the grievance was not timely filed.[3] *Id.*

In *Gardner II*, we dismissed Gardner's appeal for want of jurisdiction because the summary judgment granted on most of Gardner's claims was

---

[2]Gardner claimed that the leave was authorized; TCJS claimed that it was not. *See Gardner I*, 2005 WL 32415, at *1 n.2.

[3]*Gardner I* presents a complete factual background of the case. *See* 2005 WL 32415, at *1–2.

interlocutory rather than final.[4]  2007 WL 1018657, at *1, 3.  Tarrant subsequently filed a combined motion for summary judgment and plea to the jurisdiction on Gardner's remaining claims.  The trial court signed an order granting the motion and an order granting the plea.  Gardner then filed a motion for new trial or for rehearing, which was overruled by operation of law.  This third appeal followed.

### III.  Inadequate Briefing

In Gardner's appellate brief and reply brief in this court, he states his single issue as, "The district court erred in granting appellees' motion for summary judgment, and denying appellant's motion for new trial or to modify order."  At the eleventh hour, after this case was submitted, Gardner filed a supplemental brief in which he added a complaint about the trial court's decision to grant the plea to the jurisdiction.

A brief is required to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," but Gardner's briefs do not present a cogent discussion or citations to authority regarding how the trial court's rulings on Tarrant's assertion of immunity or the absence of waiver of immunity or on Tarrant's summary judgment grounds are incorrect or how the trial court abused its discretion by denying his motion for

---

[4]In its first motion for summary judgment, Tarrant sought summary judgment on Gardner's federal and state constitutional claims.  Gardner added a claim for breach of contract before the trial court granted summary judgment for Tarrant on Gardner's federal and state constitutional claims, making that summary judgment interlocutory.  *See Gardner II*, 2007 WL 1018657, at *1.

3

new trial. *See* Tex. R. App. P. 38.1(i); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("[W]e know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them.") (internal quotation omitted); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that point may be waived due to inadequate briefing). Therefore, we overrule Gardner's sole issue as inadequately briefed.[5]

## IV. Conclusion

Having overruled Gardner's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED: July 19, 2012

---

[5]We would further note that an issue raised for the first time in a motion for rehearing or in a post-submission brief is not preserved for appellate review. *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 885 (Tex. 2001); *Romero v. State*, 927 S.W.2d 632, 634 n.2 (Tex. 1996).

4