02-11-495-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00495-CV

 

 


 
 
 Tedricke Gardner
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Tarrant County Civil Service Commission and Tarrant
 County, Texas
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 141st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.    
Introduction

In one
issue, Appellant Tedricke Gardner appeals pro se the trial court’s summary
judgment for Appellees Tarrant County Civil Service Commission and Tarrant
County, Texas (collectively Tarrant) and the trial court’s decision to deny his
motion for new trial.  We affirm.

II.  
Factual and Procedural Background

This
is the parties’ third appearance before this court.  See Gardner v. Tarrant
Cnty. Civil Serv. Comm’n (Gardner I), No. 02-04-00130-CV, 2005 WL 32415, at
*1 (Tex. App.—Fort Worth Jan. 6, 2005, no pet.) (mem. op.); see also Gardner
v. Tarrant Cnty. Civil Serv. Comm’n (Gardner II), No. 02-06-00164-CV, 2007
WL 1018657, at *1 (Tex. App.—Fort Worth Apr. 5, 2007, no pet.) (mem. op.).

In October 2000, Gardner, employed as a probation officer with Tarrant
County Juvenile Services (TCJS), took a three-week leave of absence.[2] 
See Gardner I, 2005 WL 32415, at *1.  During his leave, TCJS sent
Gardner two letters.  Id.  The first time that the parties appeared here,
we held that because the letters’ language was clear and unambiguous in outlining
TCJS’s position that it considered Gardner to have abandoned his job, it was Gardner’s
responsibility to file a grievance contesting TCJS’s position within seven days
of receiving the second letter.  See id. at *3.  We affirmed the trial
court’s judgment that substantial evidence existed to show that the grievance
was not timely filed.[3]  Id.

In Gardner II, we dismissed Gardner’s appeal for want of
jurisdiction because the summary judgment granted on most of Gardner’s claims
was interlocutory rather than final.[4]  2007 WL 1018657, at *1,
3.  Tarrant subsequently filed a combined motion for summary judgment and plea
to the jurisdiction on Gardner’s remaining claims.  The trial court signed an order
granting the motion and an order granting the plea.  Gardner then filed a
motion for new trial or for rehearing, which was overruled by operation of
law.  This third appeal followed.

III. 
 Inadequate Briefing

In Gardner’s appellate brief and reply brief in this court, he states his
single issue as, “The district court erred in granting appellees’ motion for
summary judgment, and denying appellant’s motion for new trial or to modify
order.”  At the eleventh hour, after this case was submitted, Gardner filed a
supplemental brief in which he added a complaint about the trial court’s
decision to grant the plea to the jurisdiction.

A brief is required to “contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record,”
but Gardner’s briefs do not present a cogent discussion or citations to
authority regarding how the trial court’s rulings on Tarrant’s assertion of
immunity or the absence of waiver of immunity or on Tarrant’s summary judgment
grounds are incorrect or how the trial court abused its discretion by denying
his motion for new trial.  See Tex. R. App. P. 38.1(i); Tello v. Bank
One, N.A., 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no
pet.) (“[W]e know of no authority obligating us to become advocates for a
particular litigant through performing their research and developing their
argument for them.”) (internal quotation omitted); see also Fredonia State
Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing
the “long-standing rule” that point may be waived due to inadequate briefing).  Therefore,
we overrule Gardner’s sole issue as inadequately briefed.[5]

IV.
 Conclusion

Having overruled Gardner’s sole issue, we affirm the trial court’s
judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY, J.;
LIVINGSTON, C.J.; and MEIER, J.

 

DELIVERED:  July 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]Gardner claimed that the
leave was authorized; TCJS claimed that it was not.  See Gardner I,
2005 WL 32415, at *1 n.2.





[3]Gardner I presents
a complete factual background of the case.  See 2005 WL 32415, at *1–2.





[4]In its first motion for
summary judgment, Tarrant sought summary judgment on Gardner’s federal and
state constitutional claims.  Gardner added a claim for breach of contract
before the trial court granted summary judgment for Tarrant on Gardner’s
federal and state constitutional claims, making that summary judgment
interlocutory.  See Gardner II, 2007 WL 1018657, at *1.





[5]We would further note that
an issue raised for the first time in a motion for rehearing or in a
post-submission brief is not preserved for appellate review.  Coastal
Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist., 46 S.W.3d 880, 885
(Tex. 2001); Romero v. State, 927 S.W.2d 632, 634 n.2 (Tex. 1996).