ACCEPTED
01-14-00135-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/7/2015 9:53:11 AM
CHRISTOPHER PRINE
CLERK

Case Number 01-14-00135-CV

## IN THE COURT OF APPEALS
### FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
### AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/7/2015 9:53:11 AM
CHRISTOPHER A. PRINE
Clerk

Peter Hardsteen, Paulina Mayberg Hardsteen, and Texas Farm Bureau Insurance Company,

Appellants,

vs.

Dean's Campin' Company,

Appellee.

On Appeal from the 506th Judicial District Court of Grimes County, Texas
Cause No. 27885

## APPELLANTS' RESPONSE TO APPELLEE'S MOTION FOR LEAVE

Baker Botts L.L.P.
Michael Cancienne
State Bar No. 24055256
Caroline Carter
State Bar No. 24078318
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-6200
Facsimile: (713) 229-6100
michael.cancienne@bakerbotts.com
caroline.carter@bakerbotts.com

Joe Falco, III
State Bar No. 06793001
1903 Dove Crossing, Suite C
P.O. Box 907
Navasota, Texas 77868-0907
Telephone: (936) 825-6533

Attorneys for Appellant
Texas Farm Bureau Insurance Company

T. Ernest Freeman
State Bar No. 07431600
The Freeman Law Firm, P.C.
1770 St. James Place, Suite 120
Houston, Texas 77056
Telephone: (713) 973-1000
Facsimile: (713) 229-2703

Attorney for Appellants Peter
Hardsteen and Pauline Mayberg
Hardsteen

Appellee Dean's Campin' Company ("Appellee") seeks leave to file a post-submission brief to make yet another attempt at reading key language out of the Settlement Agreement between Appellants Peter and Pauline Hardsteen and Texas Farm Bureau ("Appellants") and Rexhall Industries, Inc. ("Rexhall"), which Appellee is seeking to enforce.[1] Appellants respectfully request that the Court deny Appellee's motion because justice does not require the introduction of Appellee's proposed brief, which rehashes arguments that Appellee previously made and attempts to provide the Court with yet another interpretation of the Settlement Agreement, which should have been raised in earlier briefing and at oral argument. TEX. R. APP. P. 38.7; *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex. App.—Fort Worth 2002, no pet.) ("Ordinarily, an issue raised for the first time in a post-submission brief is not preserved for appellate review.") (citing *Romero v. State*, 927 S.W.2d 632, 634 n. 2 (Tex. 1996)).[2]

More importantly, Appellee's latest attempt to interpret this Settlement Agreement fares no better than its earlier efforts. Appellee's post-

---

[1] As argued in Appellants' Brief and Reply, Appellee lacks standing to enforce the Settlement Agreement. Nevertheless, because Appellee's post-submission brief only addresses the interpretation of the Settlement Agreement, Appellants will respond only to the issues raised in that brief.

[2] Appellee suggests that the issue it seeks to raise in its brief—the interpretation of the indemnity provision of the Settlement Agreement—was raised for the first time in rebuttal. *See* Post-Submission Brief at 1. To the contrary, this issue was discussed extensively in both Appellants' initial presentation and Appellee's presentation at oral argument. Appellee's desire to have the last word on this issue does not entitle it to file a post-submission brief to present arguments that easily could have been raised during its argument.

submission brief makes clear that the only way the Settlement Agreement can be read to establish that Appellants owed a duty of indemnity to Rexhall is to ignore language from the indemnity provision limiting indemnity to specified situations "relating to the Occurrences or the Suit to the extent such parties may be found liable in any way to Plaintiff, Pauline Hardsteen or Intervenor." 1 CR 688. Ignoring such language is contrary to Texas law requiring that a contract be read to give meaning to every term and that indemnity provisions be read in favor of the alleged indemnitor.

> A contract for indemnity is read as any other contract. In construing a contract, courts give the language its plain grammatical meaning unless it would defeat the intention of the parties. Indemnity agreements are strictly construed in favor of the indemnitor. This rule prohibits the extension, by construction or implication, of the indemnitor's obligations beyond the precise terms of the agreement. Strictly construing indemnity agreements is a rule of substantive law that applies only after the parties' intent has been ascertained through ordinary rules of construction.

*Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, No. CIV.A. H-07-2684, 2008 WL 5114962, at *19 (S.D. Tex. Dec. 3, 2008) (quotation marks and internal citations omitted); *see also* Appellants' Brief at 21. Appellee's argument that the final part of the indemnity provision can be ignored because the intent of the parties can be inferred from other language in the Settlement Agreement runs counter to these basic principles of contract interpretation and the

plain language of the Settlement Agreement. Moreover, it is unsupported by any evidence of the parties' intent.

To the extent that Appellee is attempting to imply that the Settlement Agreement is ambiguous, Appellee has presented no evidence in support of its interpretation of the agreement. If the Court finds that the Settlement Agreement is ambiguous, summary judgment was therefore inappropriate, and this case should be reversed and remanded. *See* Appellants' Reply Brief at 6 n.2.[3]

## PRAYER

In the event that the Court permits Appellee to file its brief, Appellants respectfully request that this Court consider the above response as a response to the brief.

---

[3] Despite making the bald assertion that the Settlement Agreement should be read against Appellants as its drafters, *see* Post-Submission Brief at 5, Appellee likewise presents no evidence that Appellants were the drafters of this agreement.

RESPECTFULLY SUBMITTED,

BAKER BOTTS L.L.P.

By: */s/ Michael Cancienne*____
    Michael Cancienne
    State Bar No. 24055256
    Caroline Carter
    State Bar No. 24078318
    910 Louisiana Street
    Houston, Texas  77002-4995
    Telephone:  (713) 229-6200
    Facsimile:    (713) 229-6100
    michael.cancienne@bakerbotts.com
    caroline.carter@bakerbotts.com

    Joe Falco, III
    State Bar No. 06793001
    1903 Dove Crossing, Suite C
    P.O. Box 907
    Navasota, Texas  77868-0907
    Telephone:  (936) 825-6533

ATTORNEYS FOR APPELLANT
TEXAS FARM BUREAU

By: */s/ T. Ernest Freeman*_____
    T. Ernest Freeman
    State Bar No. 07431600
    The Freeman Law Firm, P.C.
    1770 St. James Place, Suite 120
    Houston, Texas  77056
    Telephone: (713) 973-1000
    Facsimile:  (713) 229-2703

ATTORNEY FOR APPELLANTS PETER
HARDSTEEN AND PAULINE MAYBERG
HARDSTEEN

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that, according to the word count of the computer program used to prepare this document, the document contains 695 words.

*/s/ Michael Cancienne*
Michael Cancienne

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2015, a copy of the foregoing was served by electronic mail and certified mail, return receipt requested, on the following counsel of record:

Glenn J. Fahl
Fahl & Associates, P.C.
Attorneys at Law
3900 Essex Lane, Suite 330
Houston, Texas 77027

James A. Rodman
The Rodman Law Firm
1515 W. 35th Street, Building C
Austin, Texas 78703

*/s/ Michael Cancienne*
Michael Cancienne