ACCEPTED
03-14-00360-CV
7443019
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 5:31:31 PM
JEFFREY D. KYLE
CLERK

**Nos. 03-14-00283-CV and 03-14-00360-CV**

————————————————

In the Court of Appeals
for the Third Judicial District

————————————————

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

10/19/2015 5:31:31 PM

JEFFREY D. KYLE
Clerk

TEXAS EDUCATION AGENCY AND MICHAEL L. WILLIAMS,
COMMISSIONER OF EDUCATION FOR THE STATE OF TEXAS,
Appellants/Defendants,

v.

AMERICAN YOUTHWORKS, INC., d/b/a AMERICAN YOUTHWORKS
CHARTER SCHOOL, HONORS ACADEMY, INC., d/b/a HONORS ACADEMY,
and TWO AZLEWAY, INC. d/b/a AZLEWAY CHARTER SCHOOL,
Appellees/Plaintiffs

————————————————

On Appeal from the 261st District Court
Travis County, Texas
Cause No. D-1-GN-14-000672

————————————————

**APPELLEE AMERICAN YOUTHWORKS, INC.'s OPPOSED MOTION
TO STRIKE AND/OR IN THE ALTERATIVE, MOTION FOR LEAVE TO FILE
RESPONSE TO APPELLANTS' POST-SUBMISSION LETTER BRIEF**

————————————————

TO THE HONORABLE THIRD COURT OF APPEALS:

Comes now Appellee American YouthWorks, Inc. d/b/a American

YouthWorks Charter School ("AYW"), and files this Opposed Motion to Strike

Appellants' post-submission letter brief and/or in the alternative, Motion for Leave

to file response to Appellants' post-submission letter brief to the extent it is accepted for consideration by this Court.

## I.    MOTION TO STRIKE

Appellants' post-submission brief must be stricken because it raises new arguments applying the legal principles pronounced in *Robinson v. Crown Cork & Seal Company*, 335 S.W.3d 126 (Tex. 2010) [hereinafter *Robinson*] for the first time. *See Tex. Med. Ass'n v. Tex. Workers' Comp. Comm'n*, 137 S.W.3d 342, 351 (Tex. App.—Austin 2004, no pet.) (argument waived where asserted during oral argument and in post-submission brief, but not in pre-submission briefs); *City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 340 n.4 (Tex. App.—Houston [14th Dist. 2001, pet. denied) (argument raised for the first time in post-submission brief is waived). Similarly, Appellants' post-submission brief must be stricken because it raises a new issue not included in Appellants' opening brief. *See Romero v. State*, 927 S.W.2d 632, 635 n.3 (Tex. 1996).

Moreover, Appellants' post-submission brief must be stricken because it constitutes a supplement to Appellants' opening brief subject to Texas Rule of Appellate Procedure 38.7. *See* Practice Before the Third Court of Appeals ¶ 58; *see also Black v. Shor*, 443 S.W.3d 170, 174 n.3 (Tex. App.—Corpus Christi 2013, no pet.) (treating post-submission brief as supplemental brief); *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex. App.—Ft. Worth 2002, no pet.) (same).

2

Pursuant to Rule 38.7, "[a] brief may be . . . supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." *See* Tex. R. App. P. 38.7; *see also Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) ("Generally, a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing."). In this instance, Appellants' post-submission brief must be stricken because justice does not require consideration of a supplement to Appellants' opening brief, where Appellants had ample opportunities to present argument under *Robinson* over the course of the more than a year that this case has been pending.

**A.** **Appellants' post-submission letter brief must be stricken because it untimely offers new arguments and addresses issues of law for the first time.**

As described, Texas appellate courts generally consider an argument not raised, or inadequately briefed, before submission waived. *See Tex. Med. Ass'n*, 137 S.W.3d at 351; *Precast Structures*, 60 S.W.3d at 340 n.4. Here, in their opening brief, Appellants chose to defend against claims of retroactivity by arguing the application of police power, and implying that AYW cannot sustain a retroactivity claim because it doesn't have a vested right in its charter. Appellants' Br. at 31–33. Because Appellants did not present any arguments concerning the

more nuanced factors[1] announced in *Robinson* prior to submission, any such argument has been waived, and may not be offered in a post-submission letter brief. *See Tex. Med. Ass'n*, 137 S.W.3d at 351.

Appellants' post-submission letter brief also must be stricken because it goes beyond clarifying Appellants' position about the application of certain legal principles, and impermissibly presents Appellants' position about the application of certain legal principles for the first time. As a general matter, Texas appellate courts refuse to consider new or additional issues raised for the first time in a post-submission brief as untimely. *See, e.g.*, *Romero*, 927 S.W.2d t 635 n.3; *Flack-Batie v. Cimarron*, No. 05-11-00024-CV, 2013 WL 485750, at *2 (Tex. App.—Dallas Feb. 6, 2013, no pet.) (mem. op.); *Haynes v. McIntosh*, 776 S.W.2d 784, 788 (Tex. App.—Corpus Christi 1989, writ denied). Earlier this year, the Second Court of Appeals in Fort Worth refused to consider a post-submission brief, reasoning:

> In their postsubmission brief, the Acadia defendants raise new issues and provide new record references and cases to support their previously-briefed arguments. Although some of the Acadia defendants' assertions in the postsubmission brief are in response to the panel members' questions at oral argument, their post-submission brief goes beyond merely answering those questions and strays into the impermissible territory of adding new issues to its appeal and shoring up issues that they did not brief as fully as they might have preferred. Further, the Acadia defendants already have filed

---

[1] *Robinson* rejects vested rights as the test for unconstitutional retroactivity, and also rejects police power as insulation against claims of unconstitutional retroactivity. 355 S.W.3d at 143–44.

approximately 125 pages of briefing—29,942 words—in this appeal. We recognize this is a complicated appeal but briefing must end at some point. This end point may certainly be set at oral argument.

*Acadia Healthcare Co., Inc. v. Horizon Health Corp.*, No. 02-13-00339-CV, 2015 WL 4571568, at *22 (Tex. App.—Ft. Worth July 23, 2015, no pet.). For similar reasons, and in light of Appellants' 9,536-word brief, Appellants' post-submission letter brief should also be rejected.

While certainly AYW does not assert that retroactivity itself is a new issue in this case, the post-submission letter brief sets out for the first time Appellants' argument concerning the application of the legal principles guiding the determination of the constitutionality of a retroactive law pronounced in *Robinson*, and thus argues a distinct issue of law for the first time. *See, e.g.*, *Hurley v. State*, No. 03-07-00433-CR, 2008 WL 2544780, at *3 (Tex. App.—Austin 2008, no pet.) (mem. op.) (describing an issue of law as "the application of legal principles to a specific set of facts"). As such, the presentation of such argument should be struck as untimely at this stage of the litigation. *See, e.g.*, *Romero*, 927 S.W.2d at 635 n.3.

**B.      Justice does not require the consideration of Appellants' post-submission letter brief.**

As noted, Appellants' post-submission letter brief setting forth new arguments and relying on two cases entirely absent from their opening brief constitutes a brief supplementation under Texas Rule of Appellate Procedure 38.7. *See Black*, 443 S.W.3d at 174 n.3; *Rogers*, 89 S.W.3d at 284. Accordingly,

Appellants' post-submission letter brief may only be permitted by this Court if "justice requires." *See* Tex. R. App. P. 38.7. Appellants do not offer any reason why this Court's consideration of their post-submission letter brief would serve the interest of justice.

In fact, justice does not require that Appellants be permitted to supplement their original brief with a post-submission letter brief. Determination of what "justice requires" typically demands a fact-specific inquiry into the context and history of a case. *Cf. City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 775 (Tex. 2006) (in the estoppel context, analyzing what "justice requires" in light of the particularized factual circumstances and context of the case); *Trudy's Texas Star, Inc. v. City of Austin*, 307 S.W.3d 894, 911 (Tex. App.—Austin 2010, no pet.) (same); *City of Austin Police Dep't v. Brown*, 96 S.W.3d 588, 602 (Tex. App.—Austin 2002, pet. dism'd) ("In this instance, in light of these unique facts, and the absence of controlling law, we believe the interest of justice requires a new trial."). Here, the facts show that Appellants have no valid justification for waiting until after oral argument to address the legal issue created by the *Robinson* case.

AYW's Original Petition was filed in the trial court on March 4, 2014, with a First Amended Petition filed on March 19, 2014. *See* CR.3–36, CR.68–137. On April 30, 2014, Appellants filed a Plea to the Jurisdiction, in part asserting that

AYW "cannot plead a viable unconstitutionally retroactive claim," and that the trial court thus lacked jurisdiction to adjudicate such a claim. *See* CR.310–12. Nowhere in the plea did Appellants cite to *Robinson*. *See generally* CR.289–328. On appeal, mention of *Robinson* was conspicuously absent from the opening brief Appellants filed on July 8, 2014, and the brief not did not argue any application of the tripartite test set forth in *Robinson*. *See generally* Appellants' Br. By contrast, AYW's brief, filed August 18, 2014, prominently featured *Robinson*, as it is the seminal case in Texas setting forth the current framework under which unconstitutional retroactivity is examined. S*ee* Appellee's Br. 34–36. Appellants did not file a reply brief pursuant to Tex. R. App. P. 38.3.

More than a year later, during the September 24, 2015, oral argument, Appellants were still unable to clearly characterize the *Robinson* court's position on vested rights, or articulate an application of the factors described in *Robinson*. This Court's questions during oral argument were directed at the content and application of *Robinson*, rather than inquiries that would require further research or a novel analysis of this landmark case. Appellants had more than ample "in your your face" notice of the import of the *Robinson* case, as well as AYW's reliance thereon, since August 2014, when AYW filed its brief. Despite the fact that *Robinson* sets forth the test under which AYW's retroactivity claim will almost certainly be decided, at no point in the intervening year did Appellants address

*Robinson* in a reply brief or seek to amend or supplement their opening brief. Appellants' post-submission letter brief is simply an attempt to obtain a second bite at the apple by offering a new argument and new case citations to support a position on retroactivity "that they did not brief as fully as they might have preferred." *Acadia Healthcare Co.*, 2015 WL 4571568 at *22.

Moreover, in content, Appellants' post-submission letter brief attempts to avoid the inevitable conclusion that *Robinson* controls by claiming that Texas Education Code § 12.115 ". . . is not unconstitutionally retroactive because, *inter alia*, the charters operate exclusively under statutory authority and are therefore subject to conditions or revocation based on legislative due process." However, the pages of Appellants' brief cited to support of this contention address whether AYW has a vested right in its charter, not whether Section 12.115 is unconstitutionally retroactive. Appellants' Br. at 22–27. In fact, *Robinson* rejects the vested rights test for determining whether a law is unconstitutionally retroactive. *See Robinson*, 335 S.W.3d at 143. Moreover, in their brief, Appellants' argument against a claim of unconstitutional retroactivity rests squarely on a theory of an alleged exception to unconstitutional retroactivity, the State's police power, and the scope of the power as applied to the circumstances under inspection. Appellants' Br. at 31-33. And *Robinson,* in laying out its three-pronged guide for determining unconstitutional retroactivity, states in no uncertain terms that "the

8

constitutional prohibition against retroactive laws does not . . . give way to every reasonable exercise of the Legislature's police power." *See id.* at 144. Further, Appellants do not assert in their post-submission brief or elsewhere a reason or theory for the preclusion of the application of *Robinson*. Thus, while Appellants' cannot escape that their arguments in briefing, at oral argument, and now, in this attempted post-submission letter brief, are directly implicated by *Robinson*, they cite no reason why they have waited until now to directly address the case.

Not only have Appellants had ample opportunity to brief *Robinson* prior to submission, but the consideration of their post-submission letter brief is prejudicial to AYW. The post-submission letter brief for the first time cites to *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39 (Tex. 2014) [*Union Carbide*], a case decided on July 3, 2014, with rehearing denied on August 22, 2014 (after all briefs in the present matter were submitted). Thus, despite AYW's emphasis on *Robinson,* AYW has not had any reasonable opportunity to brief *Union Carbide*, or respond to Appellants' interpretation and arguments concerning that decision.

Similarly, while AYW had briefed *Robinson* prior to oral argument, it had not, until Appellants' post-submission letter brief, been presented with Appellants' interpretation and application of *Robinson*. AYW has, therefore, been deprived of the opportunity to address and respond to Appellants' particular arguments regarding *Robinson* before this Court.

Accordingly, neither justice nor controlling authorities require the consideration of Appellants' post-submission letter brief. Appellants should not be permitted to submit their arguments concerning the application of *Robinson* at such a late date, insulated from attack by AYW. Such circumstance would be antithetical to the notions of justice.

## II.     MOTION FOR LEAVE

Should this Court grant Appellants' Motion for Leave to file their post-submission letter brief and deny AYW's Motion to Strike, AYW respectfully requests leave to file a response to Appellants' post-submission letter brief. Additionally, should this Court grant in part and/or deny in part Appellants' Motion for Leave and AYW's Motion to Strike, AYW respectfully requests leave to file a response to Appellants' post-submission letter brief to the same extent as such brief shall be considered by this Court.

As described above, AYW would be highly prejudiced by the consideration of Appellants' post-submission letter brief without opportunity for response, as the brief presents arguments, addresses issues of law, and cites to cases not found in Appellants' original brief. Thus, to date, AYW has not had the opportunity to respond directly to Appellants' arguments in writing or during oral argument.

### III. PRAYER

Appellee American YouthWorks, Inc. d/b/a American YouthWorks Charter School respectfully requests that, to the extent this Court grants Appellants' Motion for Leave to file a post-submission letter brief, this Court grant AYW's Motion to Strike Appellants' post-submission letter brief and/or in the alternative, Motion for Leave to File response to Appellants' post-submission letter brief.

*[Signatures on following page]*

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**

/s/ *Robert A. Schulman*

**Robert A. Schulman**
State Bar No. 17834500
Email: rschulman@slh-law.com
**Joseph E. Hoffer**
State Bar No. 24049462
Email: jhoffer@slh-law.com
517 Soledad Street
San Antonio, Texas 78205-1508
Telephone:  (210) 538-5385
Facsimile:   (210) 538-5384

/s/ *Cris D. Feldman*

**Cris D. Feldman**
State Bar No. 24012613
Email: cris.feldman@thefeldmanfirmpc.com
**THE FELDMAN FIRM, PC**
3355 West Alabama Street, Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472

**ATTORNEYS FOR AMERICAN YOUTHWORKS, INC. d/b/a AMERICAN YOUTHWORKS CHARTER SCHOOL**

12

## CERTIFICATE OF CONFERENCE

On October 19, 2015, Cynthia Pacheco, Paralegal for the undersigned counsel, contacted Kevin O'Hanlon, counsel of record for Intervenor-Appellee, Honors Academy and Susan Morrison, counsel of record for Intervenor-Appellee Azleway Charter; neither was available to confer regarding this Motion when Ms. Pacheco called. Ms. Pacheco left messages for Mr. O'Hanlon and Ms. Morrison. As of the time of filing this Motion, the only response received was from Mr. O'Hanlon, who advised he does not oppose this Motion.

Shelley Dahlberg, counsel for Appellants in this matter, had previously agreed, in email exchanges with the undersigned on October 6, 2015, that she would not object to any response by AYW to her clients' submission.

Since we have been unable to reach Ms. Morrison (by phone or email) to confer regarding this Motion, it is submitted as an Opposed Motion.

/s/ *Robert A. Schulman*
Robert A. Schulman

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2015, a true and correct copy of the foregoing was filed electronically and sent to the following counsel of record via email and/or ECF notification:

Shelley N. Dahlberg, Assistant Attorney General, P. O. Box 12548, Austin, Texas 78711-2548, by email transmission: shelley.dahlberg@texasattorneygeneral.gov; Attorney for TEA and Williams;

Kevin O'Hanlon and Leslie McCollom, O'Hanlon, McCollom & Demerath, 808 West Avenue, Austin, Texas 78701, by email transmission: kohanlon@808west.com and lmccollom@808west.com; Attorneys for Honors Academy;

Susan G. Morrison, The Fowler Law Firm, PC, 919 Congress Avenue, Suite 900, Austin, Texas 78701, by email transmission: smorrison@thefowlerlawfirm.com; Attorney for Azleway Charter School.

/s/ *Robert A. Schulman*
Robert A. Schulman